**SO ORDERED.**

**SIGNED this 13th day of February, 2014.**



_____
Janice Miller Karlin
United States Bankruptcy Judge
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **IN RE:** | |
| Robert Clark Johnson, | Case No. 13-22077-7 |
|       Debtor. | |
| **IN RE:** | |
| Charissa S. Wilson, | Case No. 13-22029-7 |
|       Debtor. | |
| **IN RE:** | |
| Bobby Jefferson, Jr., | Case No. 13-22726-7 |
|       Debtor. | |
| **IN RE:** | |
| Melissa Leigh Relf, | Case No. 13-23109-7 |
|       Debtor. | |

| | |
|---|---|
| Richard A. Wieland<br>United States Trustee,<br><br>                Plaintiff.<br>vs.<br><br>Danita Louise Odom and<br>Joseph dela Pasion, and<br>Simply Living, LLC, and<br>Genesis Realty Solutions, LLC,<br><br>                Defendants. | Adversary No. 13-6116<br>Adversary No. 13-6117<br>Adversary No. 13-6118<br>Adversary No. 13-6119 |

**Order Conditionally Striking Answers of Defendants**
**Simply Living, LLC and Genesis Realty Solutions, LLC**

The Court has reviewed the Complaints and Answers filed in each of these Adversary Proceedings in conjunction with its review of the Report of Parties' Planning Meeting filed in each case on February 12, 2014. The two individual defendants have attempted to file answers for their related LLC, but the rules of this Court preclude this. Local Bankruptcy Rule 9010.1 provides, in pertinent part, as follows:

> A corporation, partnership, or entity other than an individual may appear and participate only through an attorney in an adversary proceeding, contested matter or other court hearing involving the questioning of a witness or a presentation to the court.[1]

Accordingly, unless Mr. Joseph dela Pasion is an attorney licensed to practice law in the state of Kansas, and is thus representing Genesis Realty Solutions, LLC as a licensed attorney, he cannot file an answer on behalf of Genesis Realty Solutions.

---

[1] *See also* D. Kan. Rule 83.5.1(c) which similarly notes that only an individual may appear personally on his or her own behalf.

2

Similarly, unless Ms. Danita Odom is a licensed attorney, she cannot file an answer on behalf of Simply Living LLC.

Because the attempts to file answers for the LLCs are improper, the Court strikes the answers in each of these cases to the extent they intended to be answers for the LLC defendants. These LLC defendants will, however, be given an additional 21 days to file answers through an attorney licensed or otherwise authorized to practice law in Kansas. If they should fail to do so, the Plaintiff is directed to file a Motion for Default Judgment against the LLC defendants (or to dismiss them if the plaintiff so elects).

IT IS, THEREFORE, ORDERED THAT unless Defendants Odom and dela Pasion are attorneys licensed or otherwise authorized to practice law in the District of Kansas, and demonstrate that fact by filing separate answers for the two LLCs within 21 days,[2] OR unless the LLCs retain other licensed counsel and file appropriate answers within 21 days, the answers purportedly filed by the two LLCs will be deemed stricken.

**IT IS SO ORDERED**.

# # #

---

[2] The Court refers defendants to the Court's local rules, which dictate that (among other requirements), attorneys authorized to practice must include their bar license number on their pleadings).

3