EXHIBIT 1

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
|     ROBERT CLARK JOHNSON, | ) | Case No. 13-22077-7 |
| | ) | |
|     Debtor, | ) | |
| ------------------------------------ | ) | |
| In re: | ) | |
|     CHARISSA S. WILSON, | ) | Case No. 13-22029-7 |
| | ) | |
|     Debtor, | ) | |
| ------------------------------------ | ) | |
| In re: | ) | |
|     BOBBY JEFFERSON, JR., | ) | Case No. 13-22726-7 |
| | ) | |
|     Debtor, | ) | |
| ------------------------------------ | ) | |
| In re: | ) | |
|     MELISSA LEIGH RELF, | ) | Case No. 13-23109-7 |
| | ) | |
|     Debtor, | ) | |
| ------------------------------------ | ) | |
| | ) | |
| RICHARD A. WIELAND, | ) | |
| UNITED STATES TRUSTEE, | ) | |
| | ) | |
|     Plaintiff, | ) | Adversary Proceeding No. 13-6116 (lead) |
| v. | ) | Adversary Proceeding No. 13-6117 |
| | ) | Adversary Proceeding No. 13-6118 |
| DANITA LOUISE ODOM, | ) | Adversary Proceeding No. 13-6119 |
| AND | ) | |
| JOSEPH DELA PASION, | ) | |
| AND | ) | |
| SIMPLY LIVING, LLC, | ) | |
| AND | ) | |
| GENESIS REALTY SOLUTIONS, LLC, | ) | |
| | ) | |
|     Defendants. | ) | |

**FIRST AMENDED COMPLAINT
FOR MONETARY SANCTIONS AND
INJUNCTIVE RELIEF PURUSANT TO 11 U.S.C. § 110**

Plaintiff Richard A. Wieland, United States Trustee for Region 20 ("Plaintiff"), by and

through counsel, states and alleges:

### Jurisdiction and Venue

1. This is an adversary proceeding in which the Plaintiff seeks sanctions and injunctive relief against Danita Louis Odom, Joseph Dela Pasion, Simply Living, LLC, and Genesis Realty Solutions, LLC (the "Defendants"), for alleged violations of 11 U.S.C. § 110 in the bankruptcy cases listed above in the Bankruptcy Court for the District of Kansas.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b); 157(a); and 157(b)(1), and 11 U.S.C. § 110.

3. Venue is proper pursuant to 11 U.S.C. §§ 1408 and 1409.

### Parties

4. Pursuant to 28 U.S.C. § 581(a)(13), the Plaintiff is the duly appointed United States Trustee for Region 20, which encompasses the District of Kansas. The Plaintiff has standing and files this complaint in his official capacity pursuant to 28 U.S.C. § 586 and 11 U.S.C. § 110(h)(4), (j)(1), and (l)(1).

5. The Defendants acted as a bankruptcy petition preparer as that term is defined by 11 U.S.C. § 110(a)(1) in all cases listed above, all of which were filed in the United States Bankruptcy Court for the District of Kansas. Furthermore, in all of the cases, the Defendants prepared documents for filing, as that phrase is defined by 11 U.S.C. § 110(a)(2).

### Allegations Common to All Counts

6. Danita Louise Odom ("Odom") is an individual who owns and operates Simply

Living, LLC.

7. Simply Living, LLC ("Simply Living") is a limited liability company registered in the state of Kansas. Odom is the registered agent of Simply Living.

8. Joseph Dela Pasion ("Dela Pasion") is an individual who owns and operates Genesis Realty Solutions, LLC ("Genesis"). Dela Pasion is the registered agent of Genesis.

9. Genesis is a limited liability company registered in the state of Kansas.

10. Odom and Dela Pasion are married.

11. Simply Living and Genesis are registered at the same address, P.O. Box 2924, Olathe, Kansas 66063.

12. Neither Odom nor Dela Pasion are licensed to practice law in any state and are not admitted to practice law before this Court.

13. Neither Odom nor Dela Pasion are employed or supervised by an attorney licensed to practice law in any state or before this Court.

14. The Defendants prepared the bankruptcy petition, schedules, and statements for filing in the above-referenced bankruptcy cases.

15. At a deposition taken on January 8, 2013, Odom testified that she is the sole owner and employee of Simply Living.

16. She further testified that the only service provided by Simply Living is preparing bankruptcy documents and that she inputs all the information for the petition, schedules, and statements personally.

17. Odom also stated that she signs all the documents she prepares as petition preparer and lists her social security number on the documents.

3

18. Simply Living purports to charge clients a fee of $150.00 to $200.00 for its petition preparing services.

19. At a deposition on January 8, 2013, Dela Pasion testified that he is the sole owner and employee of Genesis.

20. Among other services, Genesis provides "information gathering" services to bankruptcy clients.

21. Dela Pasion testified that Genesis charges clients a fee of $200.00 to "gather all the information that's necessary . . . [to] complete and submit the information to the petition preparer."

22. Dela Pasion further testified that, after Genesis completes its information-gathering services, it refers the client to Simply Living for preparation of the forms.

23. The Form B201B "Certification of Bankruptcy Petition Preparer" form prepared by the Defendants contained a false Social Security Number.

24. The Defendants have personally filed or caused to be filed with the Bankruptcy Court Clerk's Office bankruptcy petitions, schedules, statements, and other pleadings on behalf of some or all of the named debtors.

### COUNT I – PROVIDING LEGAL ADVICE
### UNDER SECTION 110(e) OF THE BANKRUPTCY CODE

25. The Plaintiff reincorporates the allegations set forth in paragraphs one through twenty-four above, as if fully set forth herein.

26. Pursuant to 11 U.S.C. § 110(e)(2)(A), a bankruptcy petition preparer may not offer a potential bankruptcy debtor any legal advice, including any legal advice

4

described in Section 110(e)(B), including advising the debtor about the following: whether to file a bankruptcy petition or which chapter is appropriate; whether the debtor's debts will be discharged; whether the debtor will be able to retain the debtor's home, car, or other property after commencing a bankruptcy case; concerning the tax consequences of a bankruptcy case or the dischargeability of tax claims; whether the debtor may or should promise to repay debts to a creditor or enter into a reaffirmation agreement with a creditor; concerning how to characterize the nature of the debtor's interests in property of the debtor's debts; or concerning bankruptcy procedures and rights.

27. Upon information and belief, the Defendants violated 11 U.S.C. § 110(e)(2) by offering debtors legal advice about: whether the debtor should file, or was qualified to file bankruptcy; specific information about how to complete their petitions, schedules, and statements; exemptions; the bankruptcy discharge; and the retention of property.

28. The Defendants' violations of 11 U.S.C. § 110(e)(2) also constitute the unauthorized and unlawful practice of law. *See*, 11 U.S.C. § 110(k).

29. Any bankruptcy petition preparer who violates any provision of 11 U.S.C. § 110(e) may be fined not more than $500 for each violation. 11 U.S.C. § 110(1)(1).

30. Any fines imposed under § 110(l) shall be paid to the United States Trustee. 11 U.S.C. § 110(l)(4)(A).

## COUNT II- DISGORGEMENT OF FEES UNDER SECTION 110(h) OF THE BANKRUPTCY CODE

31. The Plaintiff reincorporates the allegations set forth in paragraphs one through

thirty, as if fully set forth herein.

32. This action is pursuant to 11 U.S.C. § 110(h)(3) to determine the reasonableness of the fees charged by and paid to the Defendants.

32. The Defendants have failed to fully reveal their identities by failing to fully completing the Disclosure of Compensation in some or all of the referenced cases in violation of § 110(c)(1).

33. It is unknown if the amount of fees stated in the Disclosure of Compensation is accurate.

34. The Defendants' failure to disclose their total fees in the Disclosure of Compensation violated 11 U.S.C. § 110(h)(2).

35. The fees charged by and paid to the Defendants are unreasonable and excessive and should be reduced. *In re Mullikin*, 231 B.R. 750 (Bankr. W.D. Mo. 1999)(holding that $150.00 is the maximum fee that a bankruptcy petition preparer can charge for their services unless the case presents extraordinary circumstances justifying an excess fee).

36. Under § 110(h)(3)(B), all fees charged and received by the Defendants should be disgorged based on their violation of § 110(e).

37. Pursuant to § 110(h)(3), any fees ordered disgorged shall be turned over to the bankruptcy trustee. However, an individual debtor may exempt such funds under § 522. *See* 11 U.S.C. § 110(h)(3)(C).

## **COUNT III – FORGING DOCUMENTS**

38. The Plaintiff reincorporates the allegations set forth in paragraphs one through

thirty-seven, as if fully set forth herein.

39. Upon information and belief the Defendants have forged debtors' signatures in one or more of the above referenced cases in violation of §§ 110(b)(2)(B) and (e)(1).

40. Under § 110(h)(3)(B), all fees charged and received by the Defendants should be disgorged based on their violation of § 110(e).

41. Based on the Defendants' fraudulent, unfair, and deceptive conduct, the Defendants should be required to pay damages, fees, fines, and enjoined from acting as a bankruptcy petition preparer pursuant to §§ 110(i)(1) and (j)(2).

## COUNT IV – USE OF FALSE SOCIAL SECURITY NUMBER

42. The Plaintiff reincorporates the allegations set forth in paragraphs one through forty-one, as if fully set forth herein.

43. In cases in which the Defendants have fully or partially identified themselves as the responsible bankruptcy petition preparer on the respective petitions and disclosures of compensation, the Defendants have represented that their Social Security Number or Tax Identification Number is XXXXX9855.

44. Upon information and belief, the number disclosed by the Defendants is neither the Social Security Number, nor Tax Identification Number of any of the Defendants.

45. Under § 110(h)(3)(B), all fees charged and received by the Defendants should be disgorged based on their violation of § 110(e).

46. Based on the Defendants' fraudulent, unfair, and deceptive conduct, the Defendants should be required to pay damages, fees, fines, and enjoined from

7

acting as a bankruptcy petition preparer pursuant to §§ 110(i)(1) and (j)(2).

WHEREFORE, the Plaintiff prays for an order and judgment of this Court finding that Odom, Dela Pasion, Simply Living, and Genesis have violated § 110(e)(2) and engaged in the unauthorized practice of law, imposing a fine of $500 pursuant to § 110(l)(1) for each violation against Odom, Dela Pasion, Simply Living, and Genesis, jointly and severally; enjoining under § 110(j)(1) Odom, Dela Pasion, Simply Living, and Genesis from violating this section in the future; awarding fees and costs incurred in this action pursuant to 11 U.S.C. § 110(j)(4); and furthermore:

a) requiring the Defendants to provide an accounting of each bankruptcy case in which they provided services to a debtor in this judicial district and an accounting of all funds received in such instances;

b) disallowing and ordering the immediate turnover of all fees collected by the Defendants in each of the cases identified herein as well as any additional cases identified by the Defendants; and

c) requiring the Defendants to pay damages, fees, and fines pursuant to 11 U.S.C. § 110;

d) enjoining the Defendants, its officers, employees, and agents from acting in any jurisdiction of the United States as Bankruptcy Petition Preparers pursuant to 11 U.S.C. § 110(j)(2); and

e) for such further relief as the Court deems just and proper.

8

Date: March 31, 2014

        Respectfully submitted,

        RICHARD A. WIELAND
        UNITED STATES TRUSTEE

        By: *s/ Joseph A. DiPietro*
          JOSEPH A. DiPIETRO
          Kan. Fed. Bar No. AR98004
          Trial Attorney
          Office of the U.S. Trustee
          301 N. Main St., Ste. 1150
          Wichita, KS 67202
          Telephone: (316) 269-6214
          Telecopier: (316) 269-6181
          joseph.a.dipietro@usdoj.gov